No. 90-059

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GAR L. AMUNDSON,

    Plaintiff and Respondent,

-v-

RICHARD A. WORTMAN,

    Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Richard A. Wortman; Bozeman, Montana

    For Respondent:

    Richard Nellen; Drysdale, McLean, Nellen & Nellen;
Bozeman, Montana

Submitted on Briefs: May 30, 1990

Decided: July 30, 1990

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Richard A. Wortman, defendant, appeals the decision of the District Court of the Eighteenth Judicial District, Gallatin County, finding that the homestead exemption filed by Wortman on September 6, 1989 was invalid as a result of the District Court's October 11, 1988 order. We affirm.

On April 7, 1987, Gar L. Amundson and Richard A. Wortman entered into an agreement whereby Wortman agreed to purchase from Amundson a business known as "Direct School Marketing Program." The agreement specifically provided that:

> 1.     The selling price shall be eighteen thousand dollars ($18,000) to be paid as follows: two thousand dollars ($2,000) down payment on this date receipt of which is hereby acknowledged; and eight thousand dollars ($8,000) to be paid on the 15th day of September, 1987, and eight thousand dollars ($8,000) together with simple interest thereon at a rate of six percent (6%) on the 15th day of September, 1988.

Wortman paid the two thousand dollars down payment on April 7, 1987, but failed to pay the eight thousand dollars due on September 15, 1987 despite Amundson's written demand for the money. On October 21, 1987, Amundson filed a complaint, requesting that Wortman pay all monies owed under the April 7, 1987 agreement and also requesting reasonable attorney fees and costs as provided under the agreement.

After a bench trial, the District Court entered judgment for Amundson on August 17, 1988, finding that Wortman breached his part of the agreement. The District Court also found that under the

2

agreement, Amundson should receive reasonable attorney fees and costs. Wortman then filed a Notice of Appeal. On August 31, 1988, Amundson filed a petition requiring Wortman to file a bond or provide other security to insure payment of costs on appeal pursuant to Rule 6(b), M.R.App.P. On September 7, 1988, Wortman filed a motion to stay execution and approve security other than a supersedeas bond. The District Court stayed the execution and accepted the following real estate owned by Wortman as security:

> Lot 1 in Block 7 of Figgins Addition (Fourth Phase) to Bozeman, Montana, according to the official plat thereof on file and of record in the office of the County Clerk and Recorder in and for Gallatin County, Montana.

In his motion to stay execution, Wortman stated that "[t]his motion is made on the grounds and for the reason that said real estate as hereinabove described is valued at in excess of the sum of $85,000.00, and is free of all liens and encumbrances . . . "

In its October 11, 1988 order approving the real estate as security, the court stated:

> IT IS FURTHER HEREBY ORDERED that [Wortman] upon acceptance of said real estate as security other than supersedeas bond will not permit any liens and/or incumbrances to be placed as against said real estate, pending appeal to the Montana Supreme Court.

> IT IS FURTHER HEREBY ORDERED that [Wortman] will not file as against said real estate as hereinabove specifically described any "homestead exemption" or other similar type exemption which will in any way diminish the value of said real estate as security on appeal.

On July 18, 1989, the Montana Supreme Court affirmed the District Court's judgment but remanded for further proceedings as

to attorney fees. <u>See</u> Amundson v. Wortman (Mont. 1989), 777 P.2d 315, 46 St.Rep. 1207. Wortman then filed a Declaration of Homestead in the office of the Clerk and Recorder of Gallatin County on September 6, 1989. On November 16, 1989, a Writ of Execution was issued by the Clerk of the District Court of the Eighteenth Judicial District. The writ ordered the sheriff's department to satisfy the judgment from the real property that Wortman had requested to be used as security and upon which Wortman had then filed a homestead exemption.

On November 30, 1989, Amundson filed a petition to invalidate Wortman's homestead exemption. After a hearing, the District Court determined that the homestead exemption was invalid as far as the August 17, 1988 judgment was concerned and ordered the sheriff's sale to go forward. On December 28, 1989, the property on which the homestead exemption was filed was sold at a sheriff's sale after the proper notice and procedures were followed. Wortman, appearing pro se, then filed a Notice of Appeal to this Court.

We determine that the essential issue raised on appeal is whether Wortman could file a homestead exemption after the District Court specifically ordered Wortman not to file a homestead exemption or other similar type exemption which would in any way diminish the value of the real property on appeal because of Wortman's request to use the property in question as security for the appeal pursuant to Rule 7(b), M.R.App.P.

Wortman argues that under the 1972 Montana Constitution he has a constitutional right to a homestead exemption and therefore

the District Court erred when it ordered that Wortman could not avail himself of the homestead exemption in the October 11, 1988 order and then subsequently found Wortman's declaration of homestead invalid. The 1972 Montana Constitution provides that "[t]he Legislature shall enact liberal homestead exemption laws." Mont. Const., Art. XIII, § 5. The establishment of the homestead and their exemptions, executions and abandonment are addressed in §§ 70-32-101 through -303, MCA.

In the present case, Wortman filed a motion with the District Court requesting the court to allow him to post security, as required by Rule 7(b), M.R.App.P., other than a supersedeas bond. In particular, Wortman specifically requested that he use his real estate property. At the October 3, 1988 hearing, Wortman's attorney stated that "Mr. Wortman would abide by whatever order this Court issues with respect to keeping the property free and clear of all liens and encumbrances pending the appeal in this matter." The court therefore granted his motion and allowed him to post his real estate property as security, with the corresponding order that Wortman would not permit any liens or incumbrances to be placed on the property nor would he file a homestead exemption on the property. Wortman was represented by counsel throughout these proceedings. Wortman nonetheless filed a homestead exemption on the real property in question on September 6, 1989.

In the present case, Amundson petitioned the District Court to invalidate Wortman's homestead exemption in light of the

previous October 11, 1988 order. Although none of the provisions enumerated in § 70-32-202, MCA, are applicable to the present set of facts, Wortman nonetheless specifically waived any right he had to a homestead exemption.

We hold that the District Court properly invalidated Wortman's homestead exemption as it applied to the August 17, 1988 judgment lien. Furthermore, Amundson requests that this Court remand this case to the District Court for the determination of attorney fees and costs as a result of this appeal. The underlying contract states that "[i]n the event either party is required to bring suit for any reason under this Agreement, the prevailing party in such litigation shall be entitled to full recovery of all attorney's fees, costs and expenses incurred as a consequence of such suit." In light of the underlying agreement, we remand the case to the District Court for a determination of the attorney fees and costs that were incurred by Amundson as a result of this appeal.

Affirmed and remanded.

_____
Justice

We Concur:

_____

_____

_____
Justices

6